IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD MILLER BROWN, 246051, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-1766-P |
| | ) | ECF |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

I. Factual Background:

In 1974, Petitioner was convicted of murder with malice in the 194th Judicial District Court, Dallas County, Texas. Petitioner was sentenced to life imprisonment.

Petitioner files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues that he is entitled to release on mandatory supervision. Petitioner states he has served a total of 71 years including flat time and good time. He argues he was entitled to mandatory supervision after serving a total of 60 years.

II.  Discussion:

Federal habeas relief is available only if a prisoner "has been deprived of some right secured to him or her by the United States Constitution or by the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).  In *Malchi*, the Fifth Circuit Court of Appeals held that Texas's mandatory supervision law in place prior to September 1, 1996, created a "constitutional expectancy of early release."[1]  *Id*. at 957-58.

Petitioner, however, was sentenced to life imprisonment.  The Fifth Circuit has made clear that prisoners sentenced to life imprisonment are not entitled to release on mandatory supervision.  *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (citing *Ex parte Franks*, 71 S.W.2d 327 (Tex. Crim. App. 2001) ("Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life.").  Petitioner is therefore not entitled to release under the Texas mandatory supervision statute.  Petitioner does not have a constitutionally protected interest, and his petition for habeas corpus relief should be denied.

---

[1]The Texas mandatory supervision statute stated: "A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced." Tex. Code Crim. Proc. Ann. art. 42.12 § 15(c) (Vernon 1977).

2

III.  Recommendation:

For the foregoing reasons, the Court recommends that the petition be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 3rd day of February, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).